UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TYGHE JAMES MULLIN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MOUNTAIN VIEW, CALIFORNIA, et al.,<br><br>    Defendants. | Case No.  25-cv-02191-BLF<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; SCREENING FIRST AMENDED COMPLAINT; AND DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Tyghe James Mullin, proceeding *pro se*, filed the complaint in this case on March 3, 2025, along with an application to proceed *in forma pauperis* ("IFP").  *See* Compl., ECF 1; IFP Application, ECF 2.  The case was assigned to Magistrate Judge Virginia K. DeMarchi, who conditionally granted the application and ordered service of process by the U.S. Marshal.  *See* Order, ECF 4.  Plaintiff filed a first amended complaint ("FAC") on March 20, 2025.  *See* FAC, ECF 7.  Judge DeMarchi did not screen the complaint or the FAC pursuant to 28 U.S.C. § 1915.

The case was reassigned to the undersigned judge on April 4, 2025.  *See* Order, ECF 15.  This Court is satisfied that IFP status is warranted based on Plaintiff's affidavit describing his lack of financial resources.  Accordingly, Plaintiff's application to proceed IFP is GRANTED.

When a district court grants IFP status, it must screen the complaint and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief."  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000).  Plaintiff alleges that his federal and state law rights were violated by law enforcement officers employed by the City of Mountain View.  Federal subject matter jurisdiction is premised on federal question jurisdiction arising from Plaintiff's § 1983 claims, which are Claims 1-3.  *See* FAC ¶¶ 3, 14-26.

Plaintiff's § 1983 claims appear to be grounded in Plaintiff's allegation that "[o]n March 22, 2023, the Mountain View Police Department, led by Detective Clutter, unlawfully employed the use of an Apple Air-Tag to track and search Plaintiff's property absent judicial consent or a valid warrant." FAC ¶ 11. Plaintiff asserts in Claim 1 for violation of the Fourth Amendment that the defendant officers engaged in "unauthorized use of tracking technology without valid warrant," leading to an "[u]nlawful search and seizure of Plaintiff's private property." *Id*. ¶ 15. However, Plaintiff does not explain what the Apple Air-Tag was attached to, why the police were tracking it, or what property was searched and seized. *See id.* Plaintiff asserts in Claim 2 for violation of due process under the Fourteenth Amendment that his attorney failed to file necessary motions and that he was denied a fair trial. *See id.* ¶ 18. However, Plaintiff does not provide any details regarding the charges for which he was tried. *See id.* Plaintiff asserts in Claim 3 that the City of Mountain View is liable for the alleged constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). *See id.* ¶¶ 19-26. However, Plaintiff does not allege with adequate specificity how the City's policies, customs, or practices caused the deprivation of his civil rights.

Plaintiff's § 1983 claims are DISMISSED WITH LEAVE TO AMEND. Absent a viable federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).

**ORDER**

(1) Plaintiff's application to proceed *in forma pauperis* is GRANTED;

(2) Pursuant to the initial screening required under 28 U.S.C. § 1915, the first amended complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff MAY file an amended pleading by May 7, 2025. Plaintiff MAY NOT add additional parties or claims without leave of the Court.

(3) Defendants need not respond unless and until Plaintiff files a pleading that survives initial screening.

Dated: April 7, 2025

_____
BETH LABSON FREEMAN
United States District Judge