UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TYGHE JAMES MULLIN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MOUNTAIN VIEW, CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 25-cv-02191-BLF<br><br>**ORDER SCREENING PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915; STRIKING PLAINTIFF'S ADDITIONAL FILINGS; AND DIRECTING THE CITY TO FILE A STATUS REPORT RE SERVICE**<br><br>[Re: ECF 23] |

Plaintiff Tyghe James Mullin is proceeding in this case *pro se* and *in forma pauperis* ("IFP"). He sues the City of Mountain View ("the City") and a number of law enforcement officers employed by the Mountain View Police Department ("MVPD") for alleged violations of his federal and state constitutional rights. The Court screened and dismissed Plaintiff's first amended complaint ("FAC") with leave to amend pursuant to 28 U.S.C. § 1915(e). *See* Order, ECF 17. Plaintiff timely filed a second amended complaint ("SAC"), erroneously titled as the "First Amended Complaint for Damages," which must be screened as well. *See* SAC, ECF 23.

The Court finds that the SAC alleges facts sufficient to pass the screening stage, and that Plaintiff therefore is entitled to have service of process effected by the United States Marshals Service. Because the City has appeared, and all other defendants are MVPD officers, the Court will direct the City to file a status report advising whether service of process is necessary as to any defendants.

**I.     BACKGROUND**

Plaintiff filed the complaint in this action on March 3, 2025 along with an IFP application, and shortly thereafter filed a FAC as of right. *See* Compl., ECF 1; FAC, ECF 7. The case was reassigned to the undersigned judge on April 4, 2025. *See* Order Reassigning Case, ECF 15.

*Prior Screening Order Dismissing FAC*

On April 7, 2025, this Court issued an order granting Plaintiff's IFP application and screening the FAC pursuant to 28 U.S.C. § 1915(e) ("Prior Screening Order").  *See* Prior Screening Order, ECF 17.  The FAC asserted federal and state law claims against the City and several MVPD officers.  *See generally* FAC.  Specifically, the FAC asserted three federal claims under 42 U.S.C. § 1983 for:  search and seizure in violation of the Fourth Amendment (Count 1); deprivation of due process in violation of the Fourteenth Amendment (Count II); and municipal liability against the City (Count III).  *See id.*  The FAC asserted seven related state law claims (Counts IV-X).  *See id.*

Federal subject matter jurisdiction was based on federal question jurisdiction arising from Plaintiff's claims brought under 42 U.S.C. § 1983.  *See* FAC ¶ 3.  The Court found that Plaintiff's § 1983 claims were deficient because they did not allege sufficient facts to explain the circumstances giving rise to the alleged civil rights violations.  *See* Prior Screening Order at 2.  For example, Plaintiff alleged that MVPD officers used an Apple AirTag to track and search his property, but he did not allege what the Apple AirTag was attached to, why the police were tracking it, or what property was searched and seized.  *See id.*  The Court dismissed the § 1983 claims and declined to exercise supplemental jurisdiction over the state law claims unless and until Plaintiff is able to allege a viable federal claim.  *See id.*  The Court granted Plaintiff leave to amend his pleading, and advised Plaintiff that he could not add additional parties or claims without leave of the Court.  *See id.*

*Current Pleading – SAC*

Plaintiff timely filed his SAC, clarifying that his claims arise from what he characterizes as an illegal entry, search, and seizure of his rental storage unit by MVPD on March 22, 2023.  *See* SAC ¶ 12.  Plaintiff asserts that it was illegal for MVPD officers to track him via Mr. Brewer's Apple AirTag, that the pinging of the Apple AirTag was not sufficient cause to enter his storage unit, and that the officers entered his storage unit without probable cause, without consent, and without a valid warrant.  *See id*. at 3-6 and ¶¶ 12-13.  Plaintiff asserts that the officers' conduct was the result of a persistent and widespread pattern of unconstitutional conduct by the MVPD.

*See id.* at 24. He claims that as a result of Defendants' alleged misconduct, he was held in custody for more than a year and a half, was charged with criminal offenses, was prosecuted with evidence illegally obtained by the defendant officers, and has suffered harm to his reputation and barriers to employment and housing. *See id.* ¶¶ 20-25.

Plaintiff asserts the following claims under § 1983: search and seizure in violation of the Fourth Amendment (First Cause of Action); deprivation of due process in violation of the Fourteenth Amendment (Second Cause of Action); municipal liability against the City (unnumbered cause of action); retaliation in violation of the First Amendment (Third Cause of Action); and deprivation of due process and denial of access to the courts (unnumbered cause of action). Plaintiff has abandoned the seven state law claims asserted in the FAC, and added a single state law claim for violation of the California Constitution (Fourth Cause of Action).

The claim for retaliation in violation of the First Amendment was not asserted in the FAC, although the FAC did make reference to the First Amendment. *See* FAC at 2. The claim for violation of the California Constitution also is new, but it arises from the same facts and is based on the same theories as the Fourth Amendment search and seizure claim. Accordingly, although the Court finds that Plaintiff failed to comply with the Prior Screening Order's prohibition on adding new claims, the Court will allow the additions and consider all claims asserted in the operative SAC.

The Court notes that the body of the SAC does not identify which officers are named as defendants. The SAC identifies the defendants only as: "Defendants include officers of the Mountain View Police Department in their individual capacities and the City of Mountain View as a public entity. . . ." SAC ¶ 10. The Court assumes that the defendants are those listed in the caption of the SAC: Detective Raymond Clutter; Sgt. Ricky Valenzuela; Officer Frank Edwards; Officer Daniel Miller; Officer Kevin Galloway; and Officer Ed Hammon.

*Plaintiff's Additional Filings*

In addition to the SAC, Plaintiff has filed a number of other documents, some purporting to supplement the SAC, some relating to requests for judicial notice, and some relating to a request for a protective order. *See* ECF 19, 24, 25, 26, 29, 30, 31, 32, 33, 34, 35, 36, 37. None of those

1  documents are properly before the Court, as the Court's sole task at this stage of the proceedings is
2  to screen the SAC and determine whether the action may proceed. Accordingly, those filings are
3  STRICKEN.

## II. LEGAL STANDARD

Plaintiff's SAC must be screened, and must be dismissed if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000).

If the SAC survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3); *see also* Fed. R. Civ. P. 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").

## III. DISCUSSION

Having considered Plaintiff's SAC, which provides a much fuller picture of the events giving rise to his claims that did the prior FAC, the Court finds that the allegations of the complaint are sufficient to meet "the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). The claims are grounded in Plaintiff's allegations that the MVPD officers defendants violated his federal and state constitutional rights when they tracked him via the Apple AirTag, and entered and searched his storage unit. While the police reports attached as exhibits to the SAC indicate that the officers had probable cause for their pre-warrant conduct and that they obtained search warrants before actually entering the storage unit, Plaintiff disputes the officers' version of events and claims that the officers did not have probable cause and did not obtain search warrants until after entering his storage unit and seizing his property.

The SAC does not make clear whether Plaintiff was convicted on charges arising out of the alleged constitutional violations. If so, Plaintiff's § 1983 claims may be barred by the *Heck* doctrine. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 claim that necessarily calls into question the lawfulness of a plaintiff's criminal conviction

or sentence is not cognizable unless the plaintiff can show that the conviction or sentence has been reversed or otherwise invalidated. *Id*. at 486-87. The Court's determination that Plaintiff's SAC is sufficient to pass initial screening does not preclude Defendants from moving to dismiss the claims of the SAC as barred by *Heck* or on any other ground. The *sua sponte* screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant[s] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Accordingly, Plaintiff is entitled to have the summons and SAC served on all defendants without prepayment of fees. The Court observes that the Magistrate Judge to whom this case initially was assigned directed the United States Marshals Service to serve the summons and complaint on defendants, and the City has appeared. Because all remaining defendants are individual officers employed by the City, the Court requests that the City file a status report advising the Court whether it is necessary to order service of process on any defendants by the United States Marshals Service.

**IV. ORDER**

(1) The Court finds the SAC sufficient to pass the initial screening required under 28 U.S.C. § 1915.

(2) Plaintiff's filings at ECF 19, 24, 25, 26, 29, 30, 31, 32, 33, 34, 35, 36, and 37 are STRICKEN.

(3) Defendant City SHALL file a status report by June 20, 2025, advising whether it is necessary to order service of process on any defendants by the United States Marshals Service.

(4) Defendant City and all other defendants who have been served SHALL respond to the SAC within twenty-one days, by June 27, 2025. If Defendants file a motion to dismiss in response to the SAC, Defendants must share the twenty-five page limit for such motion and the fifteen-page reply.

Dated: June 6, 2025

BETH LABSON FREEMAN
United States District Judge