UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TYGHE JAMES MULLIN,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF MOUNTAIN VIEW, CALIFORNIA, et al.,<br><br>                    Defendants. | Case No.  25-cv-02191-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL PLEADING; AND VACATING HEARING PREVIOUSLY SET FOR AUGUST 28, 2025**<br><br>[Re:  ECF 45] |

Plaintiff Tyghe James Mullin ("Mullin"), proceeding *pro se*, sues the City of Mountain View ("the City") and several Mountain View Police Department ("MVPD") officers for alleged violations of his federal and state constitutional rights.  The second amended complaint ("SAC") alleges that MVPD officers acted illegally when they tracked Mullin to a rental storage unit using an Apple AirTag, entered the storage unit, and arrested Mullin based on stolen property and other contraband they reported finding in the storage unit.  *See* SAC pp. 3-6 and ¶¶ 12-13, ECF 23.[1]

Mullin has filed a motion for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d).  Defendants have not filed a response and the time to do so has expired.  The Court finds the motion suitable for decision without oral argument.  *See* Civ. L.R. 7-1(b).  The hearing on the motion previously set for August 28, 2025 is VACATED.

Mullin's motion is DENIED for the reasons discussed below.

**I.    BACKGROUND**

While the SAC is lengthy and somewhat difficult to follow, the Court understands from Mullin's allegations and the police reports attached as exhibits to the SAC that:  a non-party, Mr.

---

[1] The SAC is erroneously titled as the "First Amended Complaint for Damages."

1   Brewer, reported to the MVPD that he had suffered the theft of luggage marked with an Apple
2   AirTag; MVPD officers tracked Mr. Brewer's Apple AirTag to a storage unit rented by Mullin;
3   MVPD officers found Mr. Brewer's stolen luggage and other contraband in Mullin's storage unit;
4   and MVPD officers arrested Mullin based on evidence obtained from the storage unit. *See*
5   *generally* SAC and Exhibits.

Mullin claims that the MVPD officers acted illegally in tracking him via the Apple AirTag. *See id*. at pp. 3-6 and ¶¶ 12-13.  Moreover, although the police reports attached to the SAC state that the officers had probable cause for their pre-warrant conduct, and that they obtained search warrants before entering the storage unit, Mullin disputes the officers' version of events and claims that the officers did not have probable cause and did not obtain search warrants until after entering his storage unit and seizing his property. *See id*.  Mullin was arrested at the storage facility on March 22, 2023, and he claims that he was charged and prosecuted for criminal offenses based on illegally obtained evidence. *See id*. ¶¶ 20-25, 39.

The SAC asserts five causes of action for federal civil rights violations under 42 U.S.C. § 1983, and a sixth cause of action under the California Constitution:  search and seizure in violation of the Fourth Amendment (First Cause of Action); deprivation of due process in violation of the Fourteenth Amendment (Second Cause of Action); municipal liability against the City (unnumbered cause of action); retaliation in violation of the First Amendment (Third Cause of Action); and deprivation of due process and denial of access to the courts (unnumbered cause of action); and violation of the California Constitution (Fourth Cause of Action).  *See* SAC ¶¶ 27-78.

Mullin seeks a declaratory judgment that his constitutional rights were violated by the City and MVPD officers, injunctive relief, and damages, legal fees, and costs.  *See* SAC at pp. 43-44.

**II.   LEGAL STANDARD**

Rule 15(d), governing supplemental pleadings, provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

Rule 15(d) "is a tool of judicial economy and convenience" that "is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Id*. at 474. However, a supplemental complaint "cannot be used to introduce a separate, distinct and new cause of action[.]" *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). In general, district courts "liberally construe Rule 15(d) absent a showing of prejudice to the defendant." *Keith*, 858 F.2d at 475.

### III. DISCUSSION

The SAC was filed on April 25, 2025. All of the claims asserted in the SAC arise out of the allegedly unlawful entry, search, and seizure of Mullin's rental storage unit on March 22, 2023, his arrest the same day, and his subsequent criminal prosecution.

Mullin states that he "does not seek to amend the complaint, nor add new defendants or causes of action" by way of his motion to file a supplemental pleading. Pl.'s Mot. at 2. He "seeks only to ensure proper judicial consideration of interwoven events contributing to, and arising from, the unconstitutional conduct initiated by Mountain View Police Department and further facilitated through County and judicial actors." *Id*. Specifically, "Plaintiff respectfully requests that this Court GRANT leave to file the supplemental materials, including Exhibits A-G, and take judicial notice thereof." *Id*. at 9. The exhibits submitted with Mullin's motion include not only Exhibits A-G, but also Exhibits H, I, and K (there is no Exhibit J). *See* Exhibits, ECF 45-1. The Court will consider all of these exhibits in evaluating Mullin's motion.

For the most part, the exhibits fall outside the scope of Rule 15(d), because they do not relate to a transaction, occurrence, or event that happened *after* the SAC was filed on April 25, 2025. Exhibit A relates to a May 1, 2022 incident between Mullin and San Jose Police Department officers. Exhibit B relates to the appointment of counsel for Mullin in December 2023 with respect to his state court criminal proceedings. Exhibit C is an envelope that was marked undeliverable in October 2023. Exhibit D is a photograph of injuries Mullin claims to

3

have incurred during a May 1, 2022 encounter with San Jose Police Department officers. Exhibits F and G are filings in Mullin's state court criminal case that pre-date the filing of his SAC in this case. Exhibit K is an appeal Mullin filed in his criminal case in November 2024.

Three exhibits relate to events that occurred after the SAC was filed. However, those exhibits are unrelated to Mullin's claims against the City of Mountain View and MVPD officers. Exhibit E relates to a June 10, 2025 complaint Mullin made to the Commission on Judicial Performance regarding Santa Clara County Superior Court Judge Thang Barret, who presided over his criminal case, and Exhibit I is a notice of disqualification of Judge Barrett that Mullin filed in his criminal case. Exhibit H is a one-page "Notice of Clerical Irregularities" bearing the date May 19, 2025, in which Mullin expresses suspicion regarding certain state court filings. Mullin has not explained how those documents supplement his claims against the City of Mountain View and MVPD officers.

Even construing Mullin's motion liberally as required under Rule 15(d), the Court finds that the motion must be denied because the offered materials either relate to events that pre-date the filing of the SAC, or are unrelated to the claims asserted in the SAC. *See Keith*, 858 F.2d at 473 (requiring some relationship between newly alleged matters and original claims); *Camposeco v. Boudreaux*, No. 119CV01330BAMPC, 2020 WL 1904728, at *1 (E.D. Cal. Apr. 17, 2020) (denying Rule 15(d) motion where plaintiff was "not attempting to include events that occurred after the date the first amended complaint was filed").

Mullin's motion for leave to file a supplemental complaint under 15(d) is DENIED.

## IV. FURTHER PROCEEDINGS

Defendants have filed a motion to dismiss that is set for hearing on October 16, 2025. *See* Defs.' Mot., ECF 47. Mullin has filed an opposition and a supplemental opposition. See Pl.'s Opp., ECF 49; Pl.'s Suppl. Opp., ECF 51. Defendants have not filed a reply, and the time to do so has expired. The briefing on Defendants' motion is closed.

The Initial Case Management Conference is set for October 16, 2025. A Joint Case Management Statement is due by October 9, 2025. No other filings are expected from the parties. Unauthorized filings will be stricken.

## V. ORDER

(1) Plaintiff Mullin's Rule 15(d) motion is DENIED; and

(2) This order terminates ECF 45.

Dated:  August 21, 2025

_____
BETH LABSON FREEMAN
United States District Judge

5