UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TYGHE JAMES MULLIN,<br><br>           Plaintiff,<br><br>   v.<br><br>CITY OF MOUNTAIN VIEW, CALIFORNIA, et al.,<br><br>           Defendants. | Case No.  5:25-cv-02191-BLF<br><br>**ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Re:  ECF No. 47] |

Plaintiff Tyghe James Mullin brings this pro se § 1983 action against the City of Mountain View, California, and individual police officers of the Mountain View Police Department.  Second Amended Complaint ("SAC"), ECF 23.  Defendants move to dismiss, and Mr. Mullin has filed an opposing brief and supplemental brief.  Defs.' Motion to Dismiss ("Mot."), ECF 47; Pl.'s Opp. Br. ("Opp."), ECF 49; Pl.'s Supp. Br. ("Supp."), ECF 51.  The Court finds this motion suitable for resolution without oral argument and VACATES the hearing set for October 16, 2025.  *See* Civ. L.R. 7-1(b).

The Motion is GRANTED, and the SAC is DISMISSED.

**I.    BACKGROUND**

On March 3, 2025, Mr. Mullin initiated this action and moved to proceed in forma pauperis.  ECF 1.  Shortly thereafter, he filed an amended complaint ("FAC") as of right.  ECF 7.  In the FAC, Mr. Mullin asserted § 1983 claims for (1) unreasonable search and seizure in violation of the Fourth Amendment, (2) deprivation of due process in violation of the Fourteenth Amendment, and (3) municipal liability for violation of these constitutional rights under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  *See* ECF 7 at 2.  Mr. Mullin also alleged

violations of state law. *See id.* On April 7, 2025, the Court granted Mr. Mullin's IFP application and screened the FAC pursuant to 28 U.S.C. § 1915(e). The Court dismissed the FAC with leave to amend, finding that the § 1983 claims were deficient because they did not allege sufficient facts to explain the circumstances giving rise to the alleged constitutional violations and declining to exercise supplemental jurisdiction over the state law claims. *See* ECF 17 at 2.

Mr. Mullin filed the SAC on April 25, 2025. In the SAC, Mr. Mullin clarified that his three federal claims arise from what he characterizes as Defendant police officers' illegal entry, search, and seizure of his rental storage unit, which led to his state law convictions for burglary and identity theft. SAC ¶¶ 12–26. Specifically, Mr. Mullin alleges that Defendants tracked an Apple AirTag registered to another individual, which led them to search Mr. Mullin's private storage unit at Public Storage without a warrant. *Id.* ¶¶ 13–16. Mr. Mullin subsequently pled no contest as part of a plea agreement and was sentenced to two years in state prison for state law burglary and identity theft. ECF 47-1 at 8.[1] In addition to his state law claims, Mr. Mullin also asserted a fourth § 1983 claim, alleging that Defendants deprived him of his First Amendment rights. *Id.* ¶¶ 56–60. On June 6, 2025, the Court screened the SAC and found that these additional factual allegations were sufficient to pass the initial screening under 28 U.S.C. § 1915(e) and ordered Defendants to respond to the SAC within 21 days of the order. ECF 39.

On June 27, 2025, Defendants filed this Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Mr. Mullin's Fourth Amendment, Fourteenth Amendment, and *Monell* claims are precluded under the doctrine articulated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), because they necessarily imply the invalidity of criminal convictions that have not been overturned or invalidated. Mot. at 8. Defendants also argue that Mr. Mullin fails to plausibly allege that Defendants knowingly or intentionally retaliated against him for exercising his First Amendment speech rights. *See id.* at 13. On July 29, 2025, Mr. Mullin filed his opposing brief, and on August 6, 2026, he filed a supplemental opposition

---

[1] The Court finds that judicial notice of Mr. Mullin's sentencing documents is appropriate because they are the official records of the superior court and relate to the incident that is the subject of his claims. Fed. R. Evid. 201; *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

1  brief. In his opposing brief, he primarily reiterates his allegations against Defendants but also
2  urges that his claims are not precluded by the *Heck* doctrine because the claims "challenge[] the
3  constitutionality of searches and seizures—not the underlying conviction itself." Opp. at 10. In
4  his supplemental brief, Mr. Mullin raises for the first time, and outside the allegations set forth in
5  his SAC, claims of retaliatory parole terms and unlawful sentencing for a prior strike. The facts
6  underlying the objection to parole terms appears to have arisen in May 2025. Supp. at 4.

## II.   LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Where a plaintiff proceeds pro se, the court "must construe the pleadings liberally" and afford the plaintiff "the benefit of any doubt." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (internal quotation marks and citation omitted). "A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Id.*

## III.  DISCUSSION

Defendants argue that Mr. Mullin's Fourth Amendment, Fourteenth Amendment, and *Monell* claims are precluded by the *Heck* doctrine. *See* Mot. at 8–9. The Ninth Circuit has explained that under *Heck*, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Beets v. Cty. of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc)). Otherwise, a plaintiff may not recover damages for "harm caused by actions whose unlawfulness

3

1  would render a conviction or sentence invalid" unless the conviction or sentence has been reversed
2  or otherwise declared invalid. *Heck*, 512 U.S. at 486–87. Mr. Mullin responds that his § 1983
3  claims do not directly challenge his convictions. *See* Opp. at 10.

4  Because Mr. Mullin's convictions have not been overturned or otherwise invalidated, the
5  dispositive issue before the Court is whether success on his § 1983 claims would necessarily imply
6  the invalidity of his state court convictions. *See, e.g.*, *Haack v. City of Carson City*, No. 3:11-CV-
7  00353-RAM, 2012 WL 3962453, at *5 (D. Nev. Sept. 10, 2012). The Court agrees with
8  Defendants that Mr. Mullin's Fourth Amendment and Fourteenth Amendment claims, if
9  successful, would clearly imply the invalidity of his convictions and must be dismissed. Because
10 Mr. Mullin's *Monell* claim alleges municipal liability for the deprivation of those same rights, it,
11 too, must be dismissed.

12 With respect to his Fourth Amendment claim, Mr. Mullin argues that the search of his
13 storage unit was unreasonable because it was carried out without probable cause or a warrant.
14 SAC ¶ 28. The Ninth Circuit has repeatedly explained that *Heck* bars § 1983 actions challenging
15 the constitutionality of searches and seizures forming the basis of a criminal conviction. *Szajer*
16 *v. City of Los Angeles*, 632 F.3d 607, 612 (9th Cir. 2011), *cert. denied*, 565 U.S. 817 (2011) ("The
17 conclusion that *Heck* bars [plaintiffs' § 1983] challenge is buttressed by the fact that the [they]
18 have not set forth[] . . . any other basis for the discovery of the [evidence] found in their home,
19 which formed the basis for their plea and conviction."); *see also Whitaker v. Garcetti*, 486 F.3d
20 572, 583 (9th Cir. 2007). The crux of Mr. Mullin's Fourth Amendment claim is that his property
21 was illegally searched and seized without probable cause or a warrant—success on this claim
22 would necessarily imply that his subsequent arrest, conviction, and incarceration were unlawful.
23 *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) ("There is no question that
24 *Heck* bars [a § 1983 plaintiff's] claims that defendants lacked probable cause to arrest him and
25 brought unfounded criminal charges against him."). Mr. Mullin concedes as much, urging that
26 "[t]his unlawful search and seizure resulted in [his] wrongful incarceration[] [and] deprivation of
27 liberty." SAC ¶ 33.

28 With respect to his Fourteenth Amendment claim, Mr. Mullin appears to allege that his

4

prosecution constituted a violation of his due process rights, arguing that he was "never given proper notice or opportunity to contest the seizure of his belongings" and that Defendants withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). SAC ¶ 36. Again, Mr. Mullin expressly characterizes his "unjust incarceration" as "the foreseeable result of Defendants' deliberate indifference and misconduct." *Id.* ¶ 38. Because Mr. Mullin's due process claim indirectly seeks a judicial determination that necessarily implies the unlawfulness of his incarceration, it is precluded by *Heck*. *See Hebrard v. Nofziger*, 90 F.4th 1000, 1011 (9th Cir. 2024). Put simply, a judicial determination that the proceedings that led to Mr. Mullin's no contest plea to his state law convictions deprived him of due process in substance amounts to a declaration that those convictions are invalid, regardless of the manner in which he characterizes his claims.

Mr. Mullin's *Monell* claim appears to rely on his alleged Fourth and Fourteenth Amendment claims. Mr. Mullin alleges that the Defendant officers' deprivation of his Fourth and Fourteenth Amendment rights were the result of the pattern, practice, and custom of the City of Mountainview. *See* SAC at 24. To prevail on his *Monell* claim Mr. Mullin would thus necessarily need to demonstrate that his constitutional rights were violated in a manner that implies the illegality of his convictions. Because he could have challenged the conduct he complains of by filing a motion to suppress during the underlying criminal proceedings or by filing a petition for writ of habeas corpus during the period of his incarceration, it is not the appropriate subject of a § 1983 claim for money damages. *See, e.g.*, *Zuegel v. Mountain View Police Dep't*, No. 17-CV-03249-BLF, 2018 WL 1876948, at *7 (N.D. Cal. Apr. 19, 2018).

In his supplemental brief, Mr. Mullin introduces additional factual developments that he argues demonstrate an unlawful imposition of a sentencing enhancement and retaliatory parole conditions. Supp. at 2. He urges that these facts establish the plausibility of his underlying constitutional claims, demonstrate a pattern of retaliatory conduct, and reflect "outgoing and independent constitutional harms" that are not barred by *Heck*. *Id.* at 2–3.[2] These developments

---

[2] The Court notes that Mr. Mullin has not filed a motion with reasonable notice for serving this supplemental brief, as required by Rule 15. *See* Fed. R. Civ. P. 15(d). In any event, the

1  occurred after the events giving rise to his claims against Defendants and cannot rescue the
2  deficiencies identified in the discussion above.  Moreover, while the precise nature of his
3  allegations is unclear, they necessarily implicate the validity of his continuing confinement,
4  mirroring the type of claim that the Ninth Circuit has repeatedly held to be barred by *Heck*.  *See,*
5  *e.g.*, *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).

6  Finally, Mr. Mullin also alleges that Defendants have deprived him of his rights under the First Amendment.  The precise nature of his claim is not at all clear, but it appears that he is alleging that Defendants selectively and maliciously prosecuted him as retaliation for his having engaged in protected activity, such as "communicating with courts and agencies about government misconduct."  SAC ¶ 48.  Although his First Amendment claim is not barred by *Heck*, the Court agrees with Defendants that it must be dismissed for failure to state a claim because Mr. Mullin fails to plausibly allege that Defendants were motivated by—or even had any knowledge of—the activities he describes.  *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient." (internal citations omitted)); *see also Hill v. Rivera*, No. ED CV 22-0060-JLS(E), 2022 WL 21663917, at *2 (C.D. Cal. Mar. 14, 2022) (holding that plaintiff's "conclusory and speculative allegations" of retaliation were "legally insufficient to state a claim").

For the forgoing reasons, Mr. Mullin's four § 1983 claims must be dismissed.  The Fourth Amendment, Fourteenth Amendment, and Monell *claims* are dismissed without leave to amend.  *Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007), *cert. denied*, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims); *Plumeau v. School District #40, Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (explaining that dismissal with prejudice is appropriate where further amendment would be futile).  The Court need not determine whether Mr. Mullin's claims under state law survive Defendants' motion at this time because the complaint

---

factual allegations set forth in the supplemental brief would not establish a claim surviving Defendant's motion to dismiss.

6

1  presently fails to state a claim under federal law.

**IV.    ORDER**

IT IS HEREBY ORDERED that:

(1) Defendants' motion to dismiss is GRANTED.

(2) Plaintiff's claims for violation of his Fourth and Fourteenth Amendment rights and for municipal liability under Monell are DISMISSED WITHOUT LEAVE TO AMEND.

(3) Plaintiff's claim for violation of his First Amendment rights is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an amended complaint no later than October 15, 2025.  Amendment is limited the First Amendment retaliation claim.  No new claims or parties may be added without leave of court.

Dated:  September 24, 2025

_____
BETH LABSON FREEMAN
United States District Judge