UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TYGHE JAMES MULLIN,<br>        Plaintiff,<br>    v.<br><br>CITY OF MOUNTAIN VIEW,<br>CALIFORNIA, et al.,<br>        Defendants. | Case No. 5:25-cv-02191-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Re: ECF No. 60] |

Plaintiff Tyghe James Mullin brought this pro se § 1983 action against Defendants City of Mountain View and individual police officers in their official capacities. On September 24, 2025, the Court granted Defendants' motion to dismiss Plaintiff's second amended complaint for failure to state a claim. ECF No. 53. Plaintiff now moves for reconsideration or for certification of an interlocutory appeal. ECF No. 60 ("Mot.").

For the reasons described below, the motion is DENIED.

**I.  Background**

The Second Amended Complaint asserts § 1983 claims for (1) unreasonable search and seizure in violation of the Fourth Amendment, (2) deprivation of due process in violation of the Fourteenth Amendment, and (3) municipal liability for violation of these constitutional rights under Monell v. Department of Social Services, 436 U.S. 658 (1978). ECF No. 23 ("SAC"). These arise from what Plaintiff characterizes as Defendant police officers' illegal entry, search, and seizure of his rental storage unit, which led to his state law convictions for burglary and identity theft. *Id.* ¶¶ 12–26. Specifically, Plaintiff alleges that Defendants tracked an Apple AirTag registered to another individual, which led them to search Plaintiff's private storage unit at Public Storage without a warrant. *Id.* ¶¶ 13–16. Plaintiff subsequently pled no contest as part of a

1  plea agreement and was sentenced to two years in state prison for state law burglary and identity
2  theft.  ECF NO. 47-1 at 8.

3  The Court dismissed the claims as precluded by the *Heck* doctrine, explaining that
4  "success on his § 1983 claims would necessarily imply the invalidity of his state court
5  convictions." ECF No. 53 at 3.  This is because a judgment by the Court determining that the
6  evidence used to convict Plaintiff was obtained illegally or that the proceedings that led to his
7  conviction were illegal would necessarily imply the invalidity of the conviction.

## II.     Standard of Review

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b).  *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court.  *See Twentieth Century Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Generally, the United States Courts of Appeals have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291.  However, a district court may certify an order for interlocutory review where (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of which will materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  The purpose of § 1292(b) is to provide "immediate

1  appeal of interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*,
2  514 U.S. 35, 46 (1995). Section 1292(b) certifications should be "applied sparingly and only in
3  exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959).

**III.  Discussion**

Plaintiff argues that reconsideration is warranted because of new evidence, which he asserts demonstrates a pattern of police misconduct toward him. Mot. at 4. The Court has reviewed his filings and determined that any of the evidence to which Plaintiff refers does not bear on the legal issue resolved in its order dismissing the SAC, i.e., whether his claims were barred by the *Heck* doctrine. Plaintiff renews his argument that the dismissed claims do not necessarily imply the invalidity of his state court convictions, *see id.* at 5, which merely amounts to disagreement with the Court's order and does not constitute grounds for reconsideration. Lastly, he argues that his "pending habeas corpus petition removes any *Heck* barrier." *Id.* The Court has repeatedly admonished Plaintiff that he must file a new action if he wishes to collaterally challenge his convictions by filing a petition for writ of habeas corpus. ECF Nos. 57, 59.

Certification of interlocutory appeal in this case is improper because it involves the straightforward application of controlling Supreme Court precedent and does not raise any novel issues of law.

**IV.  Order**

For the reasons described above, Plaintiff's motion for reconsideration and motion for certification for interlocutory appeal are DENIED.

**IT IS SO ORDERED.**

Dated:  October 16, 2025

_____
BETH LABSON FREEMAN
United States District Judge