1

2

3          **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5          **SAN JOSE DIVISION**

6

7    TYGHE JAMES MULLIN,                    Case No.  5:25-cv-02191-BLF

8                    Plaintiff,
                                            **ORDER DISMISSING THIRD**
9            v.                             **AMENDED COMPLAINT**

10   CITY OF MOUNTAIN VIEW,                 [Re:  ECF No. 75]
     CALIFORNIA, et al.,
11
                    Defendants.
12

13          Before the Court is Defendants' motion to dismiss pro se Plaintiff Tyghe James Mullin's

14   Third Amended Complaint ("TAC").  ECF No. 75 ("Mot."); ECF No. 80 ("Reply").  Mr. Mullin

15   opposes the motion.  ECF No. 78 ("Opp.").  The motion is suitable for decision without oral

16   argument; the hearing set for March 26, 2026, is VACATED.  *See* Civ. L.R. 7-11(b).

17          The motion is GRANTED.  The TAC is DISMISSED WITH PREJUDICE.

18   **I.    BACKGROUND**

19          On March 3, 2025, Mr. Mullin initiated this action and moved to proceed in forma

20   pauperis ("IFP"). ECF No. 1.  Shortly thereafter, he filed a first amended complaint as of right,

21   asserting § 1983 claims for (1) unreasonable search and seizure in violation of the Fourth

22   Amendment, (2) deprivation of due process in violation of the Fourteenth Amendment, and

23   (3) municipal liability for violation of these constitutional rights under *Monell v. Department of

24   Social Services*, 436 U.S. 658 (1978).  ECF No. 7 at 2.

25          On April 7, 2025, the Court granted Mr. Mullin's IFP application and screened and

26   dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e), finding that the § 1983 claims

27   were deficient because they did not allege sufficient facts to explain the circumstances giving rise

28   to the alleged constitutional violations and declining to exercise supplemental jurisdiction over the

United States District Court
Northern District of California

1 state law claims. ECF No. 17 at 2.

2     Mr. Mullin filed the second amended complaint on April 25, 2025, in which he clarified

3 that his three federal claims arise from what he characterizes as Defendant police officers' illegal

4 entry, search, and seizure of his rental storage unit, which led to his state law convictions for

5 burglary and identity theft. ECF No. 23 ¶¶ 12–26. Mr. Mullin also asserted a fourth § 1983 claim,

6 alleging that Defendants deprived him of his First Amendment rights by retaliating against him for

7 protected activity. *Id.* ¶¶ 56–60. On June 6, 2025, the Court screened the second amended

8 complaint and found that these additional factual allegations were sufficient to pass the initial

9 screening under 28 U.S.C. § 1915(e). ECF No. 39.

10     On September 24, 2025, the Court granted Defendants' motion to dismiss, holding that the

11 first three claims were barred by the *Heck* doctrine and that the fourth retaliation claim failed to

12 plausibly allege that Defendants were motivated by or even had knowledge of Mr. Mullin's

13 alleged protected activities. ECF No. 53. The Court dismissed the claims barred by the *Heck*

14 doctrine with prejudice due to the futility of amendment but allowed leave to amend as to the

15 retaliation claim.

16     Mr. Mullin filed the TAC on October 30, 2025. ECF No. 65 ("TAC"). In the TAC,

17 Mr. Mullin alleges that Defendants have engaged in a retaliatory campaign of confiscating and

18 refusing to return his personal property and withholding records necessary for legal redress to

19 punish him for litigating federal civil rights actions against Defendants. *Id.* at 10–11. Mr. Mullin

20 also alleges that these actions were intentional and aimed at chilling his protected activities, urging

21 that "[m]ultiple acts occurred within days of Plaintiff sending police accountability notices and

22 filing CPRA inquiries, demonstrating temporal proximity suggesting retaliatory motive [sic]." *Id.*

23 at 15.

24 **II.    LEGAL STANDARD**

25     "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

26 claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force*

27 *v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (internal quotation marks and citation

28 omitted). While a complaint need not contain detailed factual allegations, it "must contain

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3    570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable

4    inference that the defendant is liable for the misconduct alleged."  *Id.*

5            Where a plaintiff proceeds pro se, the court "must construe the pleadings liberally" and

6    afford the plaintiff "the benefit of any doubt."  *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir.

7    2022) (internal quotation marks and citation omitted).  "A liberal construction of a pro se

8    complaint, however, does not mean that the court will supply essential elements of a claim that are

9    absent from the complaint."  *Id.*

10           Upon granting a motion to dismiss, a court has discretion to allow leave to amend the

11   complaint pursuant to Rule 15(a).  "Dismissal with prejudice and without leave to amend is not

12   appropriate unless it is clear . . . that the complaint could not be saved by amendment."  *Eminence*

13   *Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In deciding whether to grant

14   leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*,

15   371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*.  The Ninth

16   Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay,

17   (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue

18   prejudice to the opposing party, and (5) futility of amendment.  *See* 316 F.3d at 1052.

19   **III.    DISCUSSION**

20           Defendants argue that the TAC fails to state a claim for four independent reasons, urging

21   that (1) Mr. Mullin improperly lumps Defendants and others who may be parties in other lawsuits

22   together in contravention of Federal Rule of Civil Procedure 8(a), (2) Mr. Mullin fails to plead

23   actionable adverse actions, (3) the retaliation claim is also barred by the *Heck* doctrine and

24   qualified immunity, and (4) Mr. Mullin fails to allege requisite retaliatory motivation or causal

25   connection.  Mot. at 5–9.  The Court agrees that the first and fourth arguments warrants dismissal

26   of Mr. Mullin's claim and need not decide whether the claim fails to plead actionable adverse

27   actions or is barred.

28           Defendants correctly point out that Mr. Mullin ascribes several disparate actions to

3

1    Defendants, ranging from withholding access to his vehicle to refusing to turn over administrative

2    records, which "seem[s] to implicate police officers and administrators, as well as personnel

3    involved with litigation and responses to public records act requests."  Mot. at 5.  "As a general

4    rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this

5    'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to

6    Plaintiffs' allegations.'"  *Adobe Sys. v. Blue Source Grp. Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal.

7    2015) (quoting *In re iPhone Application Litig.*, No. 11-md-02250-LHK, 2011 WL 4403963, at *8

8    (N.D. Cal. Sept. 20, 2011)).  Such is the case here—while it is permissible to allege retaliatory

9    conduct at a modest level of generality, it is simply impossible here to parse out which conduct is

10   ascribed to which Defendant, and Mr. Mullin's repeated failure to even allege particular acts with

11   any particularity fails to clear Rule 8's relatively low threshold.  *See, e.g.*, *Gen-Probe, Inc.*

12   *v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996).

13        Relatedly, Defendants argue that Mr. Mullin again fails to sufficiently plead factual

14   allegations from which retaliation or even causation could be inferred.  Mot. at 9.  Mr. Mullin

15   virtually concedes that the TAC does not allege the requisite knowledge to state a claim for First

16   Amendment retaliation, stating that "Plaintiff does not allege causation definitively" but that "the

17   record suggests that the timing may reflect retaliatory motive."  Opp. at 4.  Merely alleging that

18   Defendants took alleged adverse actions against him (which are primarily administrative in nature,

19   to boot) after he engaged in alleged protective activity is insufficient to state a claim for First

20   Amendment retaliation.  *See, e.g.*, *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have

21   repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."

22   (citations omitted)).  Mr. Mullin's failure to allege causation is made doubly clear by his allegation

23   that Defendants in completely unrelated capacities have retaliated against him for his protected

24   conduct in investigating purported misconduct in state agencies and departments that have nothing

25   to do with them.  *See, e.g.*, TAC at 12–13.

26        Mr. Mullin has already had the opportunity to amend his complaint three times in this

27   action, and the Court agrees with Defendants that further amendment would be futile.  The

28   *Eminence* factors accordingly favor dismissal without leave to amend.

United States District Court
Northern District of California

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that: the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.


Dated:  December 19, 2025

_____

BETH LABSON FREEMAN
United States District Judge